UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>DANIELLE HENKEL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant.</td><td>Civil Action No. 24-1676 (SLS)</td></tr>
</table>

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant U.S. Department of Education ("the Department"), by and through undersigned counsel, hereby submits this Answer to the Amended Class Action Complaint ("Amended Complaint") as filed on November 21, 2024, by Danielle Henkel ("Plaintiff"). The Department expressly denies all the allegations that are not specifically admitted or otherwise qualified in this Answer. The Department responds to the numbered and any unnumbered paragraphs in the Amended Complaint as follows:

## PRELIMINARY STATEMENT[1]

1.      The Department admits that Plaintiff's Amended Complaint brings this lawsuit seeking damages against the Department pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") on behalf of herself and others.[2] The Department denies violating any of

---

[1]      For ease of reference, this Answer replicates the headings contained in the Amended Complaint. Although the Department believes that responses to headings in the Amended Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Amended Complaint could be construed to contain factual allegations, any such allegations are denied.

[2]      The Court denied Plaintiff's motion seeking to extend her deadline to file a class certification motion. *See* Order (ECF No. 35). Because no class has been certified, the Department

the laws relied upon by Plaintiff and denies that Plaintiff or anyone Plaintiff purports to represent is entitled to any relief from the Department.

2.      The Department admits that it is a federal agency. The Department further admits that it contracts with federal loan servicers, which are third-party entities that regularly provide information about student loan account balances and repayment history to consumer reporting agencies ("CRAs"). The remaining allegations in this paragraph are denied.

3.      The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      The Department admits the allegations herein.

5.      The Department admits that it contracts with federal loan servicers, which are third-party entities that furnish credit information to CRAs about federal student loans. The Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.      To the extent the first sentence attempts to characterize Nelnet's and other federal loan servicers' duties pursuant to their federal contracts awarded by the Department, those contracts speak for themselves and are the best evidence of their contents. The Department denies any allegations inconsistent with those contracts. The Department admits that Nelnet communicated to Plaintiff on or about January 25, 2024, and asserts that the letter is the best evidence of its contents. The Department denies any allegations inconsistent with the letter.

7.      To the extent Paragraph 7 attempts to characterize federal loan servicers' duties pursuant to their federal contracts awarded by the Department and/or imply what is required by

addresses allegations as applicable to Plaintiff only. However, the Department expressly notes that the answers are equally applicable to any class, unless stated otherwise, and incorporates those answers by reference in case a class is certified at some later date.

law, the contracts and legal authorities speak for themselves and are the best evidence of their contents. The Department denies any allegations inconsistent with those contracts and legal authorities.

8.    To the extent Paragraph 8 characterizes the Consumer Reporting Resource Guide (CRRG) that document, the Department refers to the Court to the document for a complete and accurate statement of its contents and is the best evidence of the contents therein. The Department denies any allegations inconsistent with the information contained in the CRRG.

9.    The Department admits that when the servicing of a federal student loan is transferred from one servicer to another, the prior servicer no longer services the account and does not continue to collect payments. To the extent Paragraph 9 purports to state legal conclusions, no response is required. To the extent a response is required, they are denied.

10.    The Department denies the allegations contained in this paragraph.

11.    The Department denies the allegations in this paragraph.

12.    The Department admits that the FCRA contains consumer rights about disputing information but denies the remaining allegations in this paragraph.

13.    The Department denies the allegations in this paragraph.

14.    Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

15.    The Department denies the allegations contained in the first sentence. To the extent the remaining allegations characterize a public news article, that publication is the best evidence of its contents. The Department denies the allegations in this paragraph to the extent they can be read to assert that the contents of the cited publication are accurate.

3

16.     Paragraph 16 states a legal conclusion to which no response is required. To the extent that any response is required, the Department refers the Court to the Supreme Court decision for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent they are inconsistent with the referenced decision.

17.     Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

## JURISDICTION & VENUE

18.     Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, the Department admits that the Court has federal question jurisdiction pursuant to the cited statutes. The Department denies it has violated any of the laws relied upon by Plaintiff and denies that Plaintiff or anyone Plaintiff purports to represent is entitled to any relief from the Department.

19.     Paragraph 19 states legal conclusions related to venue to which no response is required. To the extent that a response is required, the Department admits that venue is proper in this District but denies that this District is the sole appropriate venue.

## THE PARTIES

20.     The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency. The second sentence of this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, they are denied.

21.     Paragraph 21 states legal conclusions to which no response is required. To the extent that a response is required, the Department does not dispute it is a credit furnisher nor that is a "person" contemplated by the statute but denies all remaining allegations in the second

sentence of this paragraph. As to the first sentence of this paragraph, the Department admits that it is a federal agency and that its headquarters are located at 400 Maryland Avenue SW, in Washington D.C.

22.     The Department admits that it is Plaintiff's creditor with respect to certain federal student loans. The Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding those Plaintiff seeks to represent.

23.     The Department admits that it contracts with federal loan servicers, which are third-party entities that provide information about federal student loans, including Plaintiff's federal student loans, to one or more CRAs. The Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding those Plaintiff seeks to represent.

24.     The Department admits that it contracts with federal loan servicers, which are third-party entities that provide information to CRAs about federal student loans. To the extent Paragraph 24 characterizes a third-party contractor's duties pursuant to its federal contract awarded by the Department, that contract is the best evidence of its contents. The Department denies any allegations inconsistent with those contracts.

## FACTUAL ALLEGATIONS

*Applicable Legal Framework*

25.     Paragraph 25 states legal conclusions, to which no response is required. To the extent any response is required, the Department refers the Court to the referenced Supreme Court decision for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the referenced decision.

26.     Paragraph 26 states legal conclusions, to which no response is required. To the extent any response is required, the Department refers the Court to the referenced Supreme Court

decision for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of the referenced decision.

27.    Paragraph 27 states legal conclusions, to which no response is required. To the extent a response is required, they are denied.

28.    Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

29.    Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

30.    Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

31.    Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

32.    Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

33.     Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

34.     Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

35.     The Department admits that complete and accurate furnishing of information about consumers is important, but the Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36.     Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited decision for a complete and accurate statement of its contents and denies all allegations in this paragraph to the extent inconsistent with the referenced decision. To the extent that any substantive response is required to the remaining allegations, they are denied.

*Defendant's FCRA-Regulated Conduct*

37.     The Department admits the allegations.

38.     Paragraph 38 references promissory notes that are written, legal documents that are the best evidence of their contents. The Department denies any allegations inconsistent with the content of those documents. To the extent Paragraph 38 purports to characterize or interpret those documents or assert legal conclusions, the Department denies those allegations.

39.     The Department admits the allegations.

40.     Paragraph 40 references the Department's servicing contracts that are written, legal documents and are the best evidence of their contents The Department denies any allegations

inconsistent with the content of those documents. To the extent Paragraph 40 purports to characterize or interpret those documents or assert legal conclusions, the Department denies those allegations.

41.     Paragraph 41 references servicing contracts that are written, legal documents that are the best evidence of their contents. The Department denies any allegations inconsistent with the content of those documents. To the extent Paragraph 41 purports to characterize or interpret those documents or assert legal conclusions, the Department denies those allegations.

42.     The Department admits the allegations that it maintains business records. The term "detailed" is not sufficient descriptive or defined to allow the Department to admit or deny the characterization of "detailed business records."

43.     Paragraph 43 quotes a servicing contract from 2009 which is a written, legal document and is the best evidence of its contents. The Department avers that the contract was in effect for at least part of the period in question. The Department denies any allegations inconsistent with the content of this document. To the extent Paragraph 43 purports to characterize or interpret the document or assert legal conclusions, the Department denies those allegations.

44.     The Department admits only that it contracts with federal loan servicers, which are third-party entities that provide information about federal student loans to CRAs. The remaining allegations state a legal conclusion to which no response is required. To the extent a response is required, they are denied.

45.     Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

46.     Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

47.     Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

48.     The Department admits that its federal loan servicers, including Nelnet, communicate student loan information to CRAs using industry formats, such as METRO 2, for that purpose. The Department denies any remaining allegations in Paragraph 48.

49.     The Department admits that certain information about federal student loan accounts may be furnished to CRAs. The Department avers that such information is provided in compliance with applicable law and industry standards, which may include use of the METRO 2 format by federal loan servicers. The Department denies any remaining allegations in Paragraph 49.

50.     The Department admits that certain information about federal student loans may be furnished to CRAs by federal student loan servicers using standardized reporting formats such as METRO 2, and that such accounts may be referred to as "tradelines" in credit reporting terminology. The Department denies any remaining allegations in Paragraph 50.

51.     This paragraph references "certain codes" that are publicly available in terms of the type of information they contain. To the extent a further response is required, the Department denies the allegations to the extent they are inconsistent with that publicly available information.

52.    This paragraph references certain "METRO 2 codes" that are publicly available in terms of the type of information they contain. To the extent a response a further response is required, the Department denies the allegations to the extent they are inconsistent with that publicly available information.

53.    The allegations contained in Paragraph 53 consist of speculative assertions regarding the beliefs or understandings of third parties and legal conclusions to which no response is required. To the extent a response is required, they are denied.

54.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56.    Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the referenced regulations for a complete and accurate statement of their contents and deny the allegations to the extent inconsistent with the content of the regulations.

57.    Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the referenced regulations for a complete and accurate statement of their contents and deny the allegations to the extent inconsistent with the content of the regulations.

58.    Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the referenced regulations for a complete and accurate statement of their contents and deny the allegations to the extent inconsistent with the content of the regulations.

59.     Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the referenced regulations for a complete and accurate statement of their contents and deny the allegations to the extent inconsistent with the content of the regulations.

60.     Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

61.     Paragraph 61 purports to characterize the terms of a written agreement, which is the best evidence of its contents. The Department denies any allegations or implications inconsistent with the actual language and legal effect of said document.

62.     The Department admits the allegations that it transfers the servicing of federal student loans from one servicer to another for various reasons, including borrower requests to evaluate his or her eligibility for discharge relief. The term "routinely" is not sufficient descriptive or defined to allow the Department to admit or deny the characterization of "routinely transfers."

*Plaintiff's Experience*

63.     The Department admits that Plaintiff has a Direct Consolidation loan made up of two parts (one portion subsidized and one portion unsubsidized) which is still due and payable to the Department. The Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

64.     The Department admits that Nelnet serviced Plaintiff's federal student loans until approximately June 2023. The Department states that any information furnished to CRAs during that time was provided by Nelnet in its role as a federal loan servicer. The Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

this paragraph or those allegations assert legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67.    The Department admits the allegations in this paragraph.

68.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69.    The Department admits the allegations that it transfers the servicing of federal student loans from one servicer to another like Plaintiff's loans. The terms "sole" and "routinely" are not sufficient descriptive or defined to allow the Department to admit or deny the characterization of "sole discretion" and "routinely transfers."

70.    The Department admits that Nelnet previously serviced Plaintiff's federal student loans and that servicing responsibilities were subsequently transferred to Missouri Higher Education Loan Authority (MOHELA).

71.    The Department admits that Nelnet notified Plaintiff of her account transfer to MOHELA on or about May 25, 2023, which is a written document that is the best evidence of its contents. To the extent that the allegations are inconsistent with the notice, they are denied.

72.    The Department admits that the servicing of Plaintiff's federal student loans was transferred from Nelnet to MOHELA. The Department lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

73.    Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, the Department denies the allegations.

74.    The Department denies the allegations.

75.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76.    The Department denies the allegations.

77.    The Department denies the allegations.

78.    The Department admits that after Plaintiff's student loan account was transferred to MOHELA that Nelnet no longer collected payments for Plaintiff's account. The remaining allegations are denied.

79.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80.    Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

81.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "disputed" the balance reporting. The Department denies the remaining allegations in this paragraph including any characterization of the balance reporting as false or duplicative.

82.    Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, the Department refers the Court to the cited statutory provision for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of the cited statute.

83.     Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

84.     The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

85.     The Department admits that Nelnet communicated with Plaintiff on or about January 25, 2024, and that correspondence is the best evidence of its contents. The Department denies any allegations that mischaracterize or inaccurately paraphrase the contents or meaning of that communication.

86.     The Department admits that Nelnet communicated with Plaintiff regarding her credit disputes on the referenced dates. The Department denies the remaining allegations.

87.     The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     The Department admits only that, at times, its federal loan servicers engaged with Plaintiff in the servicing of her federal student loans and in the ordinary course of business. The term "relevant" is not sufficient descriptive or defined to allow the Department to admit or deny the characterization of "all relevant times."

89.     Paragraph 89 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

*Defendant's Conduct Causes Substantial Harm*

90.     The Department denies the allegations.

91.     The Department denies the allegations.

92.     The Department denies the allegations contained in the first sentence. The Department lacks knowledge or information sufficient to form a belief as to the statements attributed to Experian regarding credit scoring.

93.     This paragraph purports to contain an excerpt from Experian's website to which the Department refers for a complete and accurate statement of its contents. Paragraph 93 otherwise asserts an opinion not a statement of fact to which a response is required. To the extent a response is required, the Department admits only that a credit score can be a factor in connection with consumer loans.

94.     The Department denies the allegations.

95.     The Department denies the allegations.

96.     The Department lacks knowledge or information sufficient to form a belief as to what one or more CRAs published with respect to Plaintiff's federal student loans. The Department denies the remaining allegations.

97.     The Department lacks knowledge or information sufficient to form a belief as to what and to whom TransUnion published with respect to Plaintiff's federal student loans. The Department denies the remaining allegations.

98.     The Department denies the allegations in this paragraph.

99.     The Department denies the phrase "Defendant's inaccurate Student Loan Information about Plaintiff." The Department otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

100.    The Department denies the allegations in this paragraph.

101.    Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, they are denied.

102.    The Department denies the allegations.

103.    The Department lacks knowledge or information sufficient to form a belief as to the emotional state of Plaintiff and Class Members or their reasons for allegedly taking certain alleged actions. The Department denies the remaining allegations in this paragraph.

104.    The Department lacks knowledge or information sufficient to form a belief as to the emotional state of Plaintiff or Plaintiff's reasons for allegedly taking certain alleged actions. The Department denies the remaining allegations in this paragraph.

105.    The Department denies the allegations.

106.    Paragraph 106 asserts an opinion not an allegation of fact to which a response is required. To the extent a response is required, the allegations in this paragraph are denied.

107.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

108.    The Department lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109.    The Department denies the allegations in this paragraph.

110.    Paragraph 110 states legal conclusions to which no response is required. To the extent a response is required, they are denied.

## CLASS ALLEGATIONS

111.    The Department admits that Plaintiff purports to represent two classes of persons for alleged violations of the FCRA. The Department denies that either class should be certified, denies that the Department has violated any of the laws relied upon by Plaintiff, and denies that Plaintiff or anyone Plaintiff purports to represent in a class is entitled to any relief from the Department.

112.    Paragraph 112 is not an assertion of fact to which a response is required.

113.    The Department denies the allegations.

114.    The Department denies the allegations.

115.    The Department denies the allegations.

116.    The Department denies the allegations.

117.    The Department denies the allegations.

118.    The Department denies the allegations.

## CLAIMS FOR RELIEF

### COUNT ONE

**On Behalf of Plaintiff and Members of the Classes
for Defendant's Violation of 15 U.S.C. § 1681s-2(b)**

119.    In response to Paragraph 119 of the Amended Complaint, the Department incorporates by reference its responses to each of the above Paragraphs as if fully set out herein.

120.    The Department denies the allegations.

121.    The Department denies the allegations.

### JURY TRIAL DEMAND

122.    This paragraph is not an assertion of fact to which a response is required. To the extent a response is required, the Department denies that Congress granted the right to trial by jury against the United States under the FCRA for private civil suits brought under §§ 1681n and 1681o and avers that Plaintiff's jury demand should be stricken.

### PRAYER FOR RELIEF

In response to the Prayer for Relief in the Amended Complaint, the Department denies that it has violated any of the laws relied upon by Plaintiff and denies that Plaintiff or anyone Plaintiff purports to represent is entitled to any relief from the Department. Pursuant to Rule 8(b) of the

Federal Rules of Civil Procedure, the Department asserts a general denial as to those allegations that are contained in the Amended Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it might not otherwise bear, the Department, asserts the following affirmative defenses:

1.      Any federal student loan information furnished in Plaintiff's name to CRAs was accurate or otherwise not misleading, and therefore not actionable under the FCRA.

2.      The Department acted in good faith and in compliance with all applicable provisions of the FCRA and any regulations promulgated thereunder.

3.      The Department did not willfully violate the FCRA. Any alleged violation, if any, was unintentional and the result of a bona fide error, notwithstanding the maintenance of reasonable procedures to ensure compliance.

4.      Any alleged harm was the result of acts or omissions of third parties over whom the Department had no control, including but not limited to CRAs.

5.      Plaintiff cannot establish that any conduct by the Department was the actual or proximate cause of the alleged damages. Plaintiff suffered no actual damages, or any harm suffered was de minimis and not actionable under the FCRA.

6.      The Department reserves the right to present additional affirmative defenses as discovery proceeds.

Dated: December 12, 2025                    Respectfully submitted,

                                           JEANINE FERRIS PIRRO
                                           United States Attorney


                                    By:        /s/ Dhruman Y. Sampat
                                           DHRUMAN Y. SAMPAT


18

Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2525

*Attorney for the United States of America*